IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SIBYL W. SAPP, | § | |
| | § | |
|    Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| V. | § | |
| | § | 3-05CV2455-K |
| YOUTH ADVOCATE PROGRAMS, | § | |
| INC., and BEVERLY BOOKER, | § | |
| | § | |
|    Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Sibyl W. Sapp's ("Sapp") Motion to Remand. For the following reasons, Sapp's Motion to Remand is **GRANTED**, and this action is **remanded** to County Court at Law No. 5 of Dallas County, Texas.

**A.     Background**

Sapp originally filed this action for age discrimination and breach of contract against Defendants Youth Advocate Programs, Inc. ("YAP") and Beverly Booker ("Booker") in state court. Claiming that Booker was fraudulently joined to defeat diversity jurisdiction and that the amount in controversy exceeds $75,000, YAP and Booker removed the case to federal court on the grounds of diversity jurisdiction. *See* 28 U.S.C. §1332(a)(2). Sapp then timely filed the motion to remand currently

before the Court.

**B.     Legal Standard**

Pursuant to 28 U.S.C. §1441(a), a defendant may remove from state court any civil action over which a federal court would have original jurisdiction.  Removal on the basis of diversity of citizenship is proper where the case involves citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.  *See* 28 U.S.C. §1332(a).  As the removing party, the defendant bears the burden of establishing the basis for federal jurisdiction.  *See St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

Where the plaintiff fails to allege a specific amount of damages in the complaint, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount.  *See Garcia v. Koch Oil Co. of Texas, Inc.*, 351 F.3d 636, 638-39 (5th Cir. 2003)(citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)).  The defendant can meet this burden either (1) if it facially apparent from the plaintiff's complaint that amount in controversy exceeds $75,000 or (2) if it is not facially apparent, by establishing facts in controversy that support a finding the amount exceeds the jurisdictional amount.  *Garcia*, 351 F.3d at 639 (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995)).  The court may consider summary judgment-type evidence in determining the amount in controversy.  *See St. Paul*, 134 F.3d at 1253.

**C.     Analysis**

Without yet addressing the diversity requirement, YAP and Booker must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.  *See Garcia*, 351 F.3d at 638-39.  The Defendants can meet their burden either (1) if it is facially apparent from Sapp's complaint that the damages she seeks exceeds $75,000 or (2) if not facially apparent, then by establishing facts in controversy which would support such a finding.  *See Garcia*, 351 F.3d at 639.  Sapp's complaint does not specifically state the damages she seeks, nor is it facially apparent to the Court that her damages will exceed $75,000.  Therefore, Defendants are left with proving facts in controversy which would establish for the Court that Sapp's damages will exceed $75,000.  *See St. Paul*, 134 F.3d at 1253 (Court will consider summary judgment-type evidence in attempting to determine whether the damages sought exceed the jurisdictional amount).

The Defendants have not met their burden.  In her motion to remand, Sapp filed an affidavit swearing that the damages and relief sought would not exceed $75,000, based on her salary, mitigation, and other remedies requested.  The Court finds that the Defendants provide no competent evidence regarding the amount in controversy that rebuts this affidavit.  Arguments Defendants made in their response are merely conclusory as they disregard the mitigating effect of Plaintiff accepting another job in December 2005, approximately nine months after her termination,

Case 3:05-cv-02455-K   Document 21   Filed 06/20/06   Page 4 of 5   PageID 126

and as well as include claims that Sapp does not cite in her motion. More convincing evidence of the amount in controversy are the affidavits of Sapp and her attorney. Both Sapp and her attorney swear that the damages and relief sought will not exceed $75,000, based on her salary, mitigation, and other remedies sought. There is no competent evidence rebutting these affidavits. A plaintiff is entitled to determine jurisdiction by limiting the amount in controversy to an amount below the jurisdictional amount. *See Acosta v. Drury Inns, Inc.*, 400 F.Supp. 2d 916, 920 (W.D. Tex, 2005) (*quoting St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288 (1938)).

The Court concludes that Sapp affirmatively sets the amount in controversy below the jurisdictional amount through these affidavits, and Defendants offer no competent evidence rebutting this. Consequently, Defendants have not met their burden of proof for establishing the amount in controversy exceeds the jurisdictional amount, and the Court does not have subject matter jurisdiction.

**IV. Conclusion**

Defendants failed to establish that the amount in controversy exceeds the jurisdictional amount of $75,000 as required under 28 U.S.C. §1322(a)(2). Therefore, the Court lack subject matter jurisdiction. Sapp's Motion to Remand is

-4-

therefore **GRANTED**, and this case is **REMANDED** to County Court at Law No. 5 in Dallas County, Texas.

**SO ORDERED.**

Signed June 19th, 2006.

s/ Ed Kinkeade
ED KINKEADE
UNITED STATES DISTRICT JUDGE
